■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK CERZA, Appellant. [925 NYS2d 133]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rooney, J.), dated December 11, 2009, which denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the fifth degree, which sentence was originally imposed, upon a jury verdict, on February 11, 2003.

Ordered that the order is affirmed.

The People's assertion that the appeal is academic is without merit (*see People v Overton*, 86 AD3d 4 [2d Dept 2011]).

The Supreme Court properly denied the defendant's motion for resentencing pursuant to CPL 440.46. The provisions of CPL 440.46 do not apply to "any person who . . . has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). As relevant to the instant appeal, CPL 440.46 (5) (a) defines

an "exclusion offense" as "a second violent felony offense pursuant to section 70.04 of the penal law . . . for which the person has previously been adjudicated." Here, the defendant had been previously adjudicated a second violent felony offender and, thus, does not fall within the class of inmates eligible for resentencing pursuant to CPL 440.46.

Contrary to the defendant's contentions, the resentencing scheme set forth in CPL 440.46, which excludes, among others, those inmates who were previously adjudicated second violent felony offenders, does not violate equal protection under the State or Federal Constitution (*see* US Const 14th Amend; NY Const, art I, § 11). " 'The equal protection clause does not mandate absolute equality of treatment but merely prescribes that, absent a fundamental interest or suspect classification, a legislative classification be rationally related to a legitimate State purpose' " (*People v Walker*, 81 NY2d 661, 668 [1993], quoting *People v Parker*, 41 NY2d 21, 25 [1976]; *see Matter of Walton v New York State Dept. of Correctional Servs.*, 13 NY3d 475, 492 [2009]). Here, as acknowledged by the defendant, the statute need only be supported by a rational basis to survive constitutional scrutiny.

The disparate treatment of inmates previously adjudicated second violent felony offenders is rationally related to a legitimate state purpose. Namely, New York has a legitimate interest in preventing those inmates "who repeatedly violate New York's criminal laws" (*People v Walker*, 81 NY2d at 668) from availing themselves of the ameliorative effect of CPL 440.46.

Moreover, in the instant case, there was no violation of the defendant's right against cruel and unusual punishment (*see* US Const 8th Amend; NY Const, art I, § 5; *People v Thompson*, 83 NY2d 477 [1994]; *People v Broadie*, 37 NY2d 100 [1975], *cert denied* 423 US 950 [1975]). Rivera, J.P., Skelos, Hall and Austin, JJ., concur.